UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Evelyn Rivera**

    v.

**Jimmy Ducharme and**
**Ducharme Construction Management, LLC**

Case No. 21-cv-221-PB
Opinion No. 2021 DNH 163

**ORDER**

In this property dispute between two neighbors, defendant Jimmy Ducharme has asserted counterclaims against plaintiff Evelyn Rivera for (1) trespass to land, (2) ejectment, (3) conversion, and (4) unjust enrichment.  Doc. No. 12 ¶¶ 14-37.  Before the court is Ducharme's request for a preliminary judgment forbidding the plaintiff, her family, her tenants, or anyone under her control from parking cars in the area between his and her residential buildings located on Summer Street in Nashua, New Hampshire.  Doc. No. 15 ¶ 1.  Ducharme also asks that Rivera be enjoined from parking cars or being physically present anywhere else on his property.  Id. ¶¶ 2-4.

A preliminary injunction is "an 'extraordinary and drastic remedy' that 'is never awarded as of right.'"  Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (quoting Munaf v. Geren, 553 U.S. 674, 689-90 (2008)).  A party seeking a preliminary injunction must show

that: (1) he is likely to succeed on the merits of his claim; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities is in his favor; and (4) injunctive relief is in the public interest.  March v. Mills, 867 F.3d 46, 52 (1st Cir. 2017).  Likelihood of success on the merits is the most important factor.  Norris ex rel. A.M. v. Cape Elizabeth Sch. Dist., 969 F.3d 12, 22 (1st Cir. 2020). "To demonstrate likelihood of success on the merits, [the party] must show more than mere possibility of success — rather, [he] must establish a strong likelihood that [he] will ultimately prevail."  Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (cleaned up).

For the reasons I fully outlined during the hearing held on October 12, 2021, I find that Ducharme has demonstrated a likelihood of success on the merits of his claims that Rivera is using his property for parking vehicles without any legal right to do so.  I also find that his property rights will continue to be harmed absent a preliminary injunction, that the balance of equities is neutral, and that the public interest is best served when property owners are able to make use of their property.

As such, I partially grant Ducharme's motion for preliminary injunctive relief as follows: Rivera, her family, her tenants, and all other persons under her control must not

park any vehicle in the area between the Rivera building and the Ducharme building.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

October 13, 2021

cc: Counsel of record